on each proposition (Chapman v. McCormick, 86 N. Y. 479), the rule stated does not require the court to put every abstract proposition that may be submitted, nor charge requests in the terms formulated by counsel. If the jury are correctly instructed as to the point, the party is not legally harmed by the departure. Morehouse v. Yeager, 71 N. Y. 594; Conley v. Meeker, 85 N. Y. 618. The justice instructed the jury, in effect, that the question of permanent damages was not in the case, because such damages were not claimed. This, in substance, covered the request the defendant desired put; and the jury, no doubt, properly understood it. It is not to be presumed that the jury allowed for something neither claimed nor proved. Nor does the amount of the verdict, which was for $750 only, justify the inference that the jury were in any manner misled by the charge. Moreover, the justice went further, and said, "But I submit the evidence as to his present condition to the jury for what it may be worth." This was proper, for it had been testified to by the plaintiff's physician, whose opinion on the subject was to be considered as the justice put it. The intention to exclude any recovery for permanent injuries is too apparent to require extended comment.

We find no error, and the judgment must be affirmed, with costs. All concur.

(19 App. Div. 528.)

STISSER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

RAILROADS—FENCES—NEGLIGENCE.

　　Defendant railroad company had constructed a buckthorn wire fence between its roadbed and plaintiff's lot, used thereafter for years as a pasture, without accident to stock having occurred, or objection having been made on the ground that the fence was dangerous to stock. One morning the plaintiff examined the fence, made some slight repairs, and turned a colt into the pasture. Next morning the colt was found injured by contact with the fence. Buckthorn wire was a material commonly used in the locality for construction of fences. *Held*, that defendant was not guilty of negligence either in the construction or maintenance of the fence.

　　Landon, J., dissenting.

Appeal from Madison county court.

Action by Augustus Stisser against the New York Central & Hudson River Railroad Company for injuries to stock. From a judgment of the county court for plaintiff entered upon a verdict on a new trial granted on appeal from a judgment for defendant in justice's court, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Prescott & Titus, for appellant.
Senn & Durham, for respondent.

HERRICK, J. In this case the court charged the jury "that the question of whether this was or was not a barbed-wire fence does not affect the result of this action"; and also that the jury had "nothing to do with the question whether this was or was not a barbed-wire

fence, and no liability of the defendant depends upon that fact as a fact." The question, therefore, as to whether the fence was or was not a barbed-wire fence, and also as to whether the defendant had violated the statute (chapter 367, Laws 1891), was eliminated from the case, and the jury were free to consider the question, as we are, without regard to the statute prohibiting the use of barbed wire as a fence by railroads. And we have no right to assume that the jury found the fence to be a barbed-wire fence, or that they at all considered that question. The only questions are: Was the fence a suitable and proper fence? Was it properly maintained? And did the plaintiff discharge the duty that was incumbent upon him? The kind of fence by which the plaintiff's colt sustained injury is commonly known as "buckthorn." The plaintiff himself had used this kind of fence, and what is known as barbed-wire fence, for a number of years, and the neighbors had done the same thing. The lot where the accident occurred is partly fenced by buckthorn and partly by barbed-wire fence. The portion built by the defendant is buckthorn. The fence in question had been in use for 14 years, and, so far as the case shows, no accident or injury had happened by means of its maintenance, and no complaint appears ever to have been made by the plaintiff as to its character. The plaintiff had used the lot which this fence divided from the railroad as a pasture lot for several years before the occurrence of the injury in question. He knew the kind of a fence it was; he knew the condition it was in. On the day that he turned the colt that was injured into the pasture, and before turning him in, he made an examination of the fence, and found that one of the strands of wire was loose, and fastened it up, presumably, as he supposed, in a proper and sufficient manner. If the plaintiff could discover nothing that rendered the fence dangerous, or if he discovered anything out of repair, and immediately remedied it, we cannot say that the defendant is chargeable with negligence that produced the injury. The question as to whether this wire was of the kind prohibited by the statute being taken out of the case, and in view of the long use of this kind of fence in that locality, by the plaintiff and others, as well as the defendant, I fail to see, upon all the evidence, that there was sufficient to charge the defendant with negligence, and the judgment is therefore reversed, and a new trial granted, with costs in all the courts to abide the event. All concur; except LANDON, J., dissenting.